[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is a state's appeal from an order issued by the Ottawa County Municipal Court dismissing for lack of probable cause a charge of driving under the influence of drugs. Because we conclude the court erred in concluding that a prescription drug could not be a drug of abuse, we reverse.
On January 3, 1997, an Ohio State Highway Patrol trooper observed a car driven by appellee, Ronald L. Smith, drift over the left lane line on an Ottawa county highway. When the trooper stopped the car, she noticed appellee's gait was unsteady, his balance was poor, his speech slurred, and his eyes red with constricted pupils. Appellee denied that he had consumed any alcoholic beverages, but informed the officer that he was taking a prescription medication, Soma, for a back injury. The trooper detected no odor of an alcoholic beverage. Appellee performed poorly on field sobriety tests and failed a horizontal gaze nystagmus test.
The trooper arrested appellee for operating a motor vehicle while under the influence of a drug of abuse, a violation of R.C. 4511.19(A)(1). She transported appellee to the Port Clinton police station where an unsuccessful attempt was made to obtain a urine sample.
Appellee pled not guilty. He moved to suppress the result of the horizontal gaze nystagmus test and further moved to dismiss the charge as being brought without probable cause. Following a hearing, the trial court denied appellant's motion to suppress, but granted his motion to dismiss. The state then perfected this appeal, setting forth the following single assignment of error:
 "THE TRIAL COURT ERRED IN FAILING TO FIND PROBABLE CAUSE TO ARREST THE DEFENDANT-APPELLEE FOR OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF DRUGS"
Probable cause to conduct a warrantless arrest exists when police have, at the moment of arrest, knowledge of facts and circumstances grounded in reasonably trustworthy information to warrant a belief by a prudent person that an offense has been committed by the person to be arrested. Beck v. Ohio (1964),379 U.S. 89, 91.
R.C. 4511.19(A)(1) provides:
 "(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse * * *."
A "drug of abuse" is any controlled substance, dangerous drug, or even an over the counter medication that can result in an impairment of judgment or reflexes. State v. BoCook (Oct. 6, 1992), Ross App. No. 1813, unreported, citing the definition contained in R.C. 4506.01(L). Being "under the influence" is the result of a consumption of a substance which tends to deprive one of the clearness of intellect and control that he or she would otherwise possess. State v. Hardy (1971), 28 Ohio St.2d 89. One can be "under the influence of a drug of abuse" even when taking a prescription medication in the prescribed amount if it impairs the person's ability to operate a motor vehicle. BoCook, supra; Statev. Heil (1991), 62 Ohio Misc.2d 540.
In this matter, upon the conclusion of the suppression hearing, the court made the following findings:
 "Upon stopping the vehicle, the [appellee] exited his car and was observed by Trooper Hearns as being unsteady on his feet when walking to the cruiser, the trooper did observe a slurred speech, mumbling. The [appellee] was swaying. He was losing his balance, couldn't find his operator's license. He repeated information. His eyes were observed to be red, pupils were constricted, and the officer upon conducting the Horizontal Gaze Nystagmus test observed six of six clues.
 "She did not administer the vertical nystagmus test, and when attempting to do further field sobriety tests, the [appellee] was in general unbalanced. He did complain of back injury, and indicated to the officer that there was back injury.
 "He was unable to keep, when asked to do the balancing test, couldn't keep a foot on the ground. It was off the ground or couldn't keep it off of the ground, and he swayed during that test.
 "The officer's opinion, as testified to throughout the hearing, was she did not feel the [appellee] was under the influence of alcohol, but in her words under the influence of something else.
 "The [appellee] indicated at the scene that he was taking medication for a back injury.
 "Now the Court is going to give limited, I guess weight to the Horizontal Gaze Nystagmus test because in all fairness, it appeared that [appellee] was swaying throughout the test so the weight given, even though admitted, is given little weight.
 "The six of six clues * * * would be * * * indicative of under the influence of alcohol. I guess I am now educated that it also may indicate the [appellee] is under the influence of a barbiturate or some other drug.
 "There is no evidence that the [appellee] was under anything other than what he admitted to the officer at the time of being — of taking the drug Soma.
 "In sum, this Court finds that there is not probable cause to believe that the [appellee] was under the influence of a drug of abuse."
Appellee argues that we should affirm the trial court's decision because it is based on findings of fact. However, the facts the court found do not support appellee's position. A fair reading of the court's findings indicate that all of the indicia of impaired driving were present. Certainly, a stumbling gait, slurred speech, red eyes, poor performance on field sobriety tests, and poor performance on a horizontal gaze nystagmus test would be sufficient to support probable cause for an arrest under R.C. 4511.19(A)(1) if also accompanied by an odor of an alcoholic beverage. Plainly, the court was of the misconception that a properly prescribed prescription medication could not be a drug of abuse. In this matter of law, it erred.
Accordingly, the state's sole assignment of error is found well-taken.
The judgment of the Ottawa County Municipal Court is reversed. This matter is remanded for further proceedings consistent with this opinion. It is ordered that appellee pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.